1

2   _____ FILED        _____ ENTERED          HONORABLE JAMES L. ROBART
    _____ LODGED       _____ RECEIVED
3
         MAY 1 7 200 :
4
            AT SEATTLE
         CLERK U.S. DISTRICT COURT
5   WESTERN DISTRICT OF WASHINGTON
    BY                         DEPUTY                 ‖‖‖‖‖‖ ‖‖‖‖ ‖‖‖‖ ‖‖‖‖ ‖‖‖‖ ‖‖‖‖ ‖‖‖ ‖‖‖ ‖‖‖
6                                                     ‖ ‖‖‖‖‖ ‖‖‖‖ ‖‖‖‖ ‖‖‖‖ ‖‖‖ ‖‖‖ ‖‖‖‖‖ ‖‖ ‖‖‖
7                                                     06-CR-00011-PLAGR

8

9                UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF WASHINGTON
10                     AT SEATTLE

11
    UNITED STATES OF AMERICA,          )    NO.  CR06-11 JLR
12                                      )
                     Plaintiff,         )
13                                      )
             v.                         )    PLEA AGREEMENT
14                                      )
    ALASKA BROKERAGE                    )
15  INTERNATIONAL, INC.                 )
    and DAVID KARSCH,                   )
16                                      )
                     Defendants.        )
17   _____)

18

19       The United States of America and David Karsch ("defendant") hereby enter into the

20  following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal

    Procedure ("Fed. R. Crim. P."):
21
                           **RIGHTS OF DEFENDANT**
22
        1.   The defendant understands his rights:
23
             (a)    to be represented by an attorney;
24
             (b)    to plead not guilty to any criminal charge brought against him;
25
             (c)    to have a trial by jury, at which he would be presumed not
26
    guilty of the charge and the United States would have to prove every essential
27
    element of the charged offense beyond a reasonable doubt for him to be found guilty;
28

US Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H. Street, NW, Suite 3700
Washington, DC 20530
(202) 307-6694

1

2          (d)     to confront and cross-examine witnesses against him and to

3     subpoena witnesses in his defense at trial;

4          (e)     not to be compelled to incriminate himself;

5          (f)     to appeal his conviction, if he is found guilty; and

6          (g)     to appeal the imposition of sentence against him.

7                          **AGREEMENT TO PLEAD GUILTY
                           AND WAIVE CERTAIN RIGHTS**

8

9          2.     The defendant knowingly and voluntarily waives the rights set out in

Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and

10    agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against

11    him in the United States District Court for the Western District of Washington.  The defendant

12    knowingly and voluntarily waives any 5th Amendment rights with respect to the conduct charged

13    in the Indictment and agrees to testify under subpoena in the trial against Alaska Brokerage

14    International, Inc.  The defendant also knowingly and voluntarily waives the right to file any

15    appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal

16    under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence

17    imposed by the Court if that sentence is consistent with or below the recommended sentence in

18    Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court.

19    This agreement does not affect the rights or obligations of the United States as set forth in 18

20    U.S.C. § 3742(b).  Nothing in this paragraph, however, shall act as a bar to the defendant

21    perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting

22    claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees

23    that there is currently no known evidence of ineffective assistance of counsel or prosecutorial

24    misconduct.  The defendant will plead guilty to the one-count charge outlined in the Indictment,

25    which is attached hereto, filed against the defendant in the United States District Court for the

26    Western District of Washington on January 17, 2006.  The Indictment charges that the defendant,

27    beginning sometime in mid-2003, and continuing through at least February 14, 2004, and Alaska

28

PLEA AGREEMENT/
ALASKA BROKERAGE INTERNATIONAL, ET AL. -2
CR06-0001 1JLR

US Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H. Street, NW, Suite 3700
Washington, DC 20530
(202) 307-6694

Brokerage International, Inc. and other co-conspirators, entered into and engaged in a combination and conspiracy to rig bids for otter pelts sold at an auction held by Fur Harvesters Auction ("FHA") in King County, within the Western District of Washington, on February 14, 2004. The combination and conspiracy unreasonably restrained interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1). The charged combination and conspiracy consisted of an agreement, understanding, and concert of action among the defendant and co-conspirators, the substantial term of which was to suppress competition by refraining from bidding against one another for otter pelts sold at the FHA auction.

3.    The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.    Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)    For purposes of this Plea Agreement, the "relevant period" is that period beginning on or before sometime in mid-2003 and continuing through at least February 14, 2004, the exact dates being unknown to the United States.

(b)    During the relevant period, Alaska Brokerage International, Inc. ("ABI"), a corporation, was a corporation organized and existing under the laws of New York. During the relevant period, ABI's primary business included the purchase and sale of fur pelts in the United States and elsewhere.

(c)    During the relevant period, the defendant, DAVID KARSCH, represented ABI as the vice president of ABI. The defendant represented ABI at the February 14, 2004, FHA auction. At the auction, the defendant performed acts within the scope of his employment or apparent authority.

US Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H, Street, NW, Suite 3700
Washington, DC 20530
(202) 307-6694

1

2      (d)      The charged combination and conspiracy consisted of an

3  agreement, understanding, and concert of action among the defendant and co-

4  conspirators, the substantial term of which was to suppress competition by refraining

5  from bidding against one another for the otter pelts sold at the FHA auction.

6      (e)      For the purpose of forming and carrying out the charged

7  combination and conspiracy, the defendant and co-conspirators did those things that

8  they combined and conspired to do, including, among other things:  (i) engaging in

9  communications and discussions regarding not competing with one another in the

10  bidding for the otter pelts to be auctioned at the February 14, 2004, FHA auction; (ii)

11  agreeing during a meeting on February 13, 2004 to a collusive bidding strategy,

12  involving not bidding against one another at the auction, bidding at certain prices or

13  price ranges, and subsequently dividing the otter pelts acquired among themselves

14  through post-auction transfers; and (iii) executing the agreed-upon collusive bidding

15  strategy.  The defendant, on behalf of himself and ABI, was an organizer and leader

16  of this conduct.

17      (f)      During the relevant period, FHA collected and offered for sale

18  at auction, otter pelts supplied by trappers located in the United States and Canada.

19  The defendant and co-conspirators purchased otter pelts at the February 14, 2004,

20  FHA auction held in the Western District of Washington and subsequently sold those

21  pelts to out-of-state and international customers.

22      (g)      During the relevant period, the business activities of the

23  defendant and co-conspirators in connection with otter pelts purchased at the

24  February 14, 2004, FHA auction, which are the subject of the charged conspiracy,

25  were within the flow of, and substantially affected, interstate and foreign trade and

26  commerce.

27

28

PLEA AGREEMENT/
ALASKA BROKERAGE INTERNATIONAL, ET AL. -4
CR06-00011JLR

US Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H. Street, NW, Suite 3700
Washington, DC 20530
(202) 307-6694

(h)     The charged combination and conspiracy was carried out, in part, within the Western District of Washington and within the five years preceding the filing of the Indictment accompanying this Plea Agreement.

## POSSIBLE MAXIMUM SENTENCE

5.     The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a)     a term of imprisonment for three (3) years (15 U.S.C. § 1);

(b)     a fine in an amount equal to the greatest of (1) $350,000, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

(c)     a term of supervised release of one (1) year following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned for the entire term of supervised release (18 U.S.C. § 3559(a)(5); 18 U.S.C. § 3583(b)(3) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(3)).

6.     In addition, the defendant understands that:

(a)     pursuant to U.S.S.G. §5E1.1, the Court may order him to pay restitution to the victims of the offense; and

(b)     pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing,

US Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H. Street, NW, Suite 3700
Washington, DC 20530
(202) 307-6694

along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

8.      Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States agrees that it will recommend, as the appropriate disposition of this case, that the Court impose a sentence within the applicable Guidelines range (2003 edition). The parties agree that the Guidelines range here is that applicable for a Guidelines base offense level 11, determined as follows: 11pts (§2R.1.1(a)-(b)(1)); plus 2pts (§3B1.1(c); and minus 2pts (§3E1.1(a)). The parties agree that the defendant falls within criminal history category I. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The defendant understands that the Court will also order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

9.      The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the recommendation contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

## REPRESENTATION BY COUNSEL

10.      The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory

US Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H. Street, NW, Suite 3700
Washington, DC 20530
(202) 307-6694

explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

**VOLUNTARY PLEA**

11.    The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

**ENTIRETY OF AGREEMENT**

12.    This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

13.    The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

14.    Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

PLEA AGREEMENT/
ALASKA BROKERAGE INTERNATIONAL, ET AL. -7
CR06-00011JLR

US Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H. Street, NW, Suite 3700
Washington, DC 20530
(202) 307-6694

DATED:    May 16, 2006                    Respectfully submitted,


BY: David Karsch                          BY: _____
    DAVID KARSCH                              JOHN SCHMOLL
    Defendant                                 JOHN TERZAKEN
                                              CRAIG LEE
                                              Trial Attorneys
                                              U.S. Department of Justice
                                              Antitrust Division
                                              1401 H Street, N.W.
                                              Washington, D.C.  20530


BY: _____
    RICHARD F.X. GUAY
    Meyer, Suozzi, English & Klein, P.C.
    DAVID N. BRUCE
    Savitt & Bruce LLP
    Attorneys for Defendant David Karsch

US Department of Justice
Antitrust Division
National Criminal Enforcement Section
1401 H. Street, NW, Suite 3700
Washington, DC 20530
(202) 307-6694